Glenn R. Kantor - SBN 122643
E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Susana Love-Graves

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SUSANA LOVE-GRAVES, | CASE NO: |
| Plaintiff, | COMPLAINT FOR: |
| VS. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Susana Love-Graves herein sets forth the allegations of her Complaint against Defendant Metropolitan Life Insurance Company.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee

1
COMPLAINT – ERISA – Susana Love-Graves v. Metropolitan Life Insurance Company

1  benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Citigroup and a resident of the State of California.

3. Plaintiff is informed and believes that Defendant Metropolitan Life Insurance Company ("MetLife") is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. MetLife is the insurer of benefits under the Citigroup Long Term Disability Plan ("LTD Plan") and acted in the capacity of a plan administrator. MetLife administered the claim with a conflict of interest and the bias this created effected the claims determination.

4. Defendant can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### FIRST CLAIM FOR RELIEF
### AGAINST METROPOLITAN LIFE INSURANCE COMPANY
### FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
### (29 U.S.C. § 1132(a)(1)(B))

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. At all times relevant, Plaintiff was employed by Citigroup and was a covered participant under the terms and conditions of the LTD Plan. The Citigroup LTD plan was insured by Defendant MetLife, and MetLife was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

7. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

8. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to MetLife for LTD benefits under the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. On January 3, 2011, Plaintiff's claim for LTD benefits was denied by MetLife, in a letter written by Christine L. Kromer. MetLife asserted that the denial was due to a lack of objective medical data to support the severity of a medical condition that would have precluded Plaintiff from performing her own occupation as a Financial Manager.

10. In January 2011, Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on April 13, 2011, MetLife erroneously and wrongfully upheld its prior determination denying Plaintiff's claim for LTD benefits in a letter written by Diane Fairbanks. MetLife upheld the termination based on the opinions purportedly expressed in a file review performed by a physician consultant at Elite Physicians, Ltd., Paul Giannandrea, M.D.

11. On July 15, 2011, a civil lawsuit was filed in this Court seeking the recovery of the disputed long term disability benefits. The matter was assigned case number Case No. 5:11-CV-03484 EJD.

12. Prior to trial, the above litigation was resolved pursuant to a confidential settlement agreement, and the matter was dismissed with prejudice on August 15, 2012.

13. Thereafter, for a period of time, MetLife resumed the payment of Plaintiff's benefits.

14. On August 9, 2013, MetLife again, without good cause, terminated Plaintiff's benefits. In February 2014, the Plaintiff submitted a timely appeal of MetLife's benefit termination. On May 16, 2014, MetLife rejected Plaintiff's appeal of the termination of her benefits, and reaffirmed its termination.

15.  MetLife breached the LTD Plan and violated ERISA in the following respects:

(a)  Failing to pay LTD benefit payments to Plaintiff at a time when MetLife knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits.  Even though MetLife had such knowledge, MetLife denied Plaintiff's LTD benefits;

(b)  Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c)  After Plaintiff's claim was denied in whole or in part, MetLife failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d)  Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

16.  Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

17.  Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

18.  As a proximate result of the aforementioned wrongful conduct of MetLife, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19.  As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20. The wrongful conduct of MetLife has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 15, 2014                    KANTOR & KANTOR, LLP

                                        By:    */s/ Glenn R. Kantor*
                                               Glenn R. Kantor
                                               Attorneys for Plaintiff
                                               Susan Love-Graves